08-4290-ag
Chen v. Holder

BIA
A072 483 714

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*.

_____

FONG CHEN,
> *Petitioner*,

> v.                                          08-4290-ag
>                                             NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,[*]
> *Respondent*.

_____

FOR PETITIONER:        Henry Zhang, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fong Chen, a native and citizen of the People's Republic of China, seeks review of an August 8, 2008 order of the BIA denying his motion to reopen his exclusion proceedings. *In re Fong Chen*, No. A072 483 714 (B.I.A. Aug. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the relevant final administrative decision. 8 U.S.C. § 1229a(c)(7). The 90-day filing deadline and numerical limitation may be excused if the alien can establish

2

"changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA properly denied Chen's motion to reopen as untimely because he filed it almost ten years after his June 1995 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).[1]

Contrary to Chen's argument, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any of the evidence that he submitted. The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition[] and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Here, the BIA considered Chen's evidence in some detail and concluded

---

[1] Both Chen and the Government note that the BIA order under review failed to address our November 2007 decision, which superseded an earlier June 2007 decision. Chen does not, however, suggest that this error constitutes a basis for remand. In any event, remand would be futile because, as the Government asserts, the BIA's decision adequately addressed the concerns raised in the November 2007 decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-40 (2d Cir. 2006).

3

that it did not demonstrate a material change in country conditions. Although Chen disputes that conclusion, his arguments are foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-65 (2d Cir. 2008). On this record, the BIA's denial of Chen's motion to reopen was not an abuse of discretion.[2] *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We do not consider Chen's argument that he faces economic persecution on account of his violation of the Chinese family planning policy, as the argument is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

4